# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 18-cv-02911-RM-NYW

KEVIN M. MONTGOMERY,

    Plaintiff,

v.

TAMMY CRANE,
BRANDON SPARKS,
MIKE ROMERO, and
BOYKINS,

    Defendants.

___

## ORDER
___

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction (the "Motion") (ECF No. 68) seeking an order for Defendants Romero and Boykins, and others, (collectively, the "Parties") to hold Plaintiff's property and to enjoin such Parties from destroying, disposing of, and/or throwing away Plaintiff's property. Upon review of the Motion, and the court record, and being otherwise fully advised, the Court finds no response or hearing is required before ruling.

Because Plaintiff proceeds *pro se*, the Court construes Plaintiff's filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). The Court does not, however, act as Plaintiff's advocate. *Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

Plaintiff seeks injunctive relief. Before such relief may be had, Plaintiff must establish: "'(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the

injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest.'" *Diné Citizens Against Ruining our Environment v. Jewell,* 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)). The Tenth Circuit no longer applies a "modified test"[1] for determining preliminary injunctive relief, finding it inconsistent with the Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). *Diné Citizens*, 839 F.3d at 1282. "Because a preliminary injunction is an extraordinary remedy, the movant's right to relief must be clear and unequivocal." *Id.* at 1281 (quotation marks and citation omitted).

In this case, Plaintiff fails to address any of these factors or how they are *all* met in this case. *First W. Capital Mgmt. Co. v. Malamed,* 874 F.3d 1136, 1141 (10th Cir. 2017) (recognizing that all four elements must be met with limited exception inapplicable here). Indeed, upon even a cursory review, it is apparent that at least one factor, irreparable harm, has not – and cannot – be shown.

To establish irreparable harm, Plaintiff "must demonstrate a significant risk that he… will experience harm that cannot be compensated after the fact by money damages." *Id.* (quotation marks and citation omitted). But, here, Plaintiff alleges that the property at issue is one large bag of hygiene and one large bag of food, with an estimated value of $650.00. Accordingly, injunctive relief may not be granted. It is therefore

---

[1] Under the "modified test," when the other three requirements for preliminary injunctive relief tip strongly in the movant's favor, the test is modified so that the movant may meet the likelihood of success on the merits requirement "'by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation.'" *Diné Citizens*, 839 F.3d at 1282 (quoting *Davis*, 302 F.3d at 1111).

**ORDERED** that Plaintiff's Motion for Preliminary Injunction (ECF No. 68) is **DENIED**.

DATED this 16th day of December, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge