**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 18-cv-02911-RM-NYW

KEVIN M. MONTGOMERY,

     Plaintiff,

v.

TAMMY CRANE,
BRANDO SPARKS,
MICHAEL ROMERO, and
ROXANNA BOYKIN,

     Defendants.

---

## ORDER

---

    This matter is before the Court on (1) the May 7, 2020 Recommendation of United States
Magistrate Judge Nine Y. Wang (the "Recommendation") (ECF No. 80) to grant Defendants
Romero and Boykin's Motion to Dismiss (ECF No. 73); and (2) Plaintiff's Motion Requesting
Court Appointed Attorney (ECF No. 81). The Recommendation is incorporated herein by
reference. *See* 28 U.S.C. § 636(b)(1)(B); FED. R. CIV. P. 72(b).

    ***The Recommendation.*** The Recommendation advised the parties that specific written
objections were due within fourteen days after being served with a copy of the Recommendation.
(ECF No. 80, pp. 19-20.)  Despite this advisement, no objections to the Recommendation have to
date been filed by any party and the time to do so has expired. (*See generally* Dkt.) Moreover,
although Plaintiff has requested an attorney be appointed for him, he did not request an extension
of time to file any objection to the Recommendation.

The Court concludes that Magistrate Judge Wang's analysis was thorough and sound, and that there is no clear error on the face of the record. *See* FED. R. CIV. P. 72(b) advisory committee's note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."); *see also Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of timely objection, the district court may review a magistrate's report under any standard it deems appropriate."). The Recommendation is, therefore, accepted and adopted as an order of this Court.

**The Motion for Appointment of Counsel.** Plaintiff appears *pro se,* so the Court construes his filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Nonetheless, the Court does not serve as Plaintiff's advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009), and he is required to follow the same procedural rules as counseled parties. *See Yang v. Archuleta*, 525 F.3d 925, 927 n.1 (10th Cir. 2008) ("Pro se status 'does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.'" (citation omitted)). Further, "[d]espite the liberal construction afforded pro se pleadings, the court will not construct arguments or theories for the plaintiff in the absence of any discussion of those issues." *Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991).

In this case, Plaintiff contends the Court should appoint counsel because due to covid-19 the correctional facility in which he is incarcerated has been on a lockdown since April 2020 and he is unable to access the law library. But, despite Plaintiff's apparent ability to file papers with the court to seek relief even with the lockdown, Plaintiff did not request an extension of time to object to the Recommendation,[1] either before or after the deadline to object. And, the Court has

---

[1] Plaintiff had requested an extension of time to respond to the Motion to Dismiss due to his inability to access the law library. (ECF No. 75.)

now accepted the Recommendation. Further, Plaintiff does not contend there are presently matters which require the use of the law library. Thus, there is currently no matter for which an appointment of counsel would be necessary. Moreover, there is no showing the lockdown will continue indefinitely. On this record, the Court concludes Plaintiff has not shown that an appointment of counsel is currently warranted. *See Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (whether to grant appointment of pro bono counsel left to sound discretion of trial court); *Hill v. Smithkline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (identifying factors court should consider before requesting counsel); D.C.COLO.LAttyR 15(f)(1)(B) (providing non-exclusive factors court should consider in determining whether to appoint pro bono counsel).

Based on the foregoing, the Court:

(1) ACCEPTS and ADOPTS the Recommendation of United States Magistrate Judge (ECF No. 80) in its entirety;

(2) GRANTS Defendant Romero and Boykin's Motion to Dismiss (ECF No. 73);

(3) DISMISSES Defendants Romero and Boykin from this action as there are no claims remaining against them; and

(4) DENIES without prejudice Plaintiff's Motion Requesting Court Appointed Attorney (ECF No. 81).

DATED this 2nd day of June, 2020.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge