Kevin Montgomery #56393
P.O. Box 6000
Sterling, CO 80751

June 6, 2020

**Case Name:** Montgomery v. Crane et al

**Case Number:** 18-cv-02911-RM-NYW

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 10 2020

JEFFREY P. COLWELL
CLERK

## NOTICE OF APPEAL AND APPOINTMENT OF COUNSEL

Plaintiff appears pro se and without any legal training. Plaintiff has repeatedly requested assistance of counsel. Plaintiff now contends that he is being taken full advantage of by the system. Plaintiff's latest request comes amid this COVID-19 crisis which caused an actionable harm that prevented him from formulating a proper response and timely response to the Magistrate Judge's Recommendation.

The facility to which Plaintiff is incarcerated, Sterling Correctional Facility (SCF) is plagued with the COVID-19 virus with at least 3 known deaths. Due to this wide spread infection SCF has been and will continue to be on lockdown with no clear end in site in the immediate future. The request for counsel was to seek help in order to properly respond to the recommendation by the Magistrate Judge. Plaintiff respectfully apologize to the court if he didn't articulate that fact. He assumed that it was obvious being that he explained he didn't have access to legal materials due to the coronavirus outbreak within his facility.

The request for counsel was resonable being that Plaintiff has a constitutional right to access to the courts. Bounds v. Smith, 430 U.S. 817, 822, 97 S.Ct 1491 (1977) The right of access to courts is a very important right, since it theoretically protects all other rights. McCarthy v. Madigan, 503 U.S. 140, 153, 112 S.Ct. 1081.
The right of access to courts is suppose to be "adequate, effective, and meaningful." Bounds v. Smith (Supra). In some cases, courts have held that the time limit was "equitably tolled" for prisoners who missed the deadline because of interference or inadequate facilities or assistance from prison official. See, Ramirez v. Yates, 471 f. 3d 993, 998 (9th Cir. 2009)

Here, Plaintiff contends that due to the COVID-19 outbreak within this facility

(1)

caused the lockdown and continues to cause a lockdown made it impossible to formulate a proper and timely response therefore Plaintiff pursued his rights diligently by requesting assistance of counsel. In an absence of a law library in this particular case supports "extraordinary circumstances" claim. See, Belleque v. Kephart, 549 U.S. 1317 (2007); Egerton v. Cockrell, 334 f.3d 433, 438 (5th Cir. 2003), Mendoza v. Carey, 449 f.3d 1065, 1069-71 (9th Cir. 2006)

### The Right to Assistance in Bringing Legal Claim:

The Supreme Court held in Bounds v. Smith, (Supra), that prison authorities have an affirmative obligation to "assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law. Under these "extraorinary circumstances" their was neither access to a law library nor was there anyone trained in law to assist Plaintiff. Here, Plaintiff contends that pursuant to Lewis v. Casey, 518 U.S. 343, 351-53, 116 S.Ct. 2174 (1996) that (1) Plaintiff was, or is, suffering "actual injury" by being "frustrated" and/or "impeded," (2) in bringing a non-frivolous claim, (3) about his criminal conviction or sentence or condition of confinement. Plaintiff's only legal access is a "Prisoner's Self Help Litigation Manual" by John Boston and Dan Manville.

Plaintiff believes that he should not be held to the standards of the Fed. R. Civ. P. when he is being denied access to those rules and procedures which are not to the fault of his own. This pandemic which has infected this facility is the cause of the denial of access to courts but yet it's the Plaintiff that is suffering from its effects. Plaintiff is not asking the courts to advocate for him but he is asking the courts to even the playing field. Our Country as we speak is being watched closely right now because of the injustice within this system. Specifically, police brutality and abuse of power. The police do what they do because they know that they can get away with it because of "qualified immunity" and the court system protects them. But in a series of events they've been exposed for the abuse through videos which showed the cover-up and the willingness to lie and this comes from people in a position of trust.

Plaintiff wishes to shed light on these two specific prime examples:

(1) The killing of George Floyd where 4 officers murdered a Black Man and their initial report read: "He was ordered to step from his car, "the department's statement said," After he got out, he physically resisted officers. After they got him in handcuffs they noted he appeared to be suffering medical distress. See, Denver Post Weds. May 27, 2020

(2)

pg. 16A-17A. The entire World knows that to be a lie and if it wasn't for the video showing those officers kneeling on his back and neck for 8min. and 43 sec. they would have gotten away with it ,cause that's what they do, "lie."

(2) Abuse of a 75 year old man: it was initially reported that he tripped and fell on his own until video footage surfaced showing two officers pushing him down and walked passed him without a care in the world as he laid in a pool of blood. Again, if it wasn't for the video they would have gotten away with the lie, why? Because our society is under the impression that law inforcement don't lie. Police Offficers and Correctional Officers have the same unchanged mantality and willingness to lie. So what about the hundreds of times that's not caught on video? People that report the abuse aren't to be believed because again our society always believe law inforcement. Let's face it, they lie as easy as it is to breathe. And to prove that point, See, defendants, **"ANSWER TO PRISONER'S SECOND AMENDMENT & SUPPLEMENTAL COMPLAINT,"** pg. 3 ¶ 3, which states: Defendants deny that Crane interfered with Plaintiff's medical orders in "any" way for "any reason. Now see, Exhibit "A" Message from Medical, which states: After discussion with security (which was Crane) you will need to stand for a brief moment . The sitting/ lying for count slip will be discontinued. And that's just one time there is more that points directly to her (Crane). Which will be disclosed in discovery.

My point is, there is a willingness to lie, with an effortlessness to lie, and a willingness to cover it up because no-one holds them accountable. Mental abuse is just as bad as physical abuse if not worst because the effects of mental abuse last longer.

So, I ask the courts, they get away with the abuse because I'm not trained in law? Nor do I or did I have access to legal materials. Again, I apologize to the courts if my intentions weren't properly articulated in my request for counsel. I'm not asking for the courts to advocate on my behalf but I am begging the courts for assistance of counsel. Under these "extraordinary circumstances" appointment of counsel is warranted.

Access to courts is being denied to Plaintiff because (1) Plaintiff's Amended Complaint was dismissed for failure to satisfy some technical requirement because Plaintiff was denied access to the prison's legal facilities due to COVID-19 therefore Plaintiff was unable to formulate a proper response, and (2) that Plaintiff suffered arguably actionable harm that he wished to bring before the courts, but stymied by in- adequacies of the law library that Plaintiff was unable even to file and/or formulate a proper response. Lewis v. Casey, 518 U.S. 351-53, 116 S.Ct. 2174; Bounds v. Smith, 430 U.S. 817, 828, 97 U.S. 1491 (1977)

Plaintiff is respectfully requesting the opportunity to appeal the decision to dismiss for inadequacies of the law library due to COVID-19 which caused the lockdown and continues to cause a lockdown and prevents Plaintiff from formulating a proper response because again, Plaintiff does not and will not have access to a law library

(3)

in the forseeable future. Sterling Correctional Facility (SCF has the largest outbreak of the coronavirus in the State of Colorado. At last known count there was over 440 inmates that tested positive for COVID-19 and 3 deaths. So when will the lockdown end? There is no set date. "All" programs have been stopped.

As one court put it: First... in order to assure that incarcerated persons have meaningful access to courts, states are required to provide affirmative assistance in the preparation of legal papers in cases involving constitutional rights and other civil rights actions related to their incarceration...Second, in all other types of civil actions, states may not erect barriers that impede the right of access of the incarcerated persons.

Once again Plaintiff would like to apologize in advance if he has fell short in articulating his intentions. Plaintiff is unable to properly state legal context but can only speak from the heart and the facts as he knows them.


Respectfully Submitted,

*[signature]*

Kevin Montgomery pro se

(4)

Exhibit A

This is from one doctor
There's others



MESSAGE FROM MEDICAL

March 29, 2018
Montgomery, Kevin
56393
CH 3

After discussion with security, you will need to stand for a brief moment. The sitting/lying for count slip will be discontinued

Kite if you have any questions.

NP Gilden

This is the second incident was influenced by security.

Colorado Department Of Corrections
Name: Montgomery, Kevin
Register Number: 56393
Unit:
Box Number: 6000
City, State, Zip: Sterling, CO 80751

Legal Mail

Office of The Clerk
United States District Court
901 - 19th Street, Rm A105
Denver, CO 80294 - 3589

80294-250151

Restricted Inspection Mail Stamp
FACILITY: SCF
DATE REC'D: 6/1/20
DOC EMPLOYEE LAST NAME: Nava
ID#: 25352
INT: JN
DOC#: 56393
OFFENDER LAST NAME: Montgomery
INT: